UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RODERICK BATES, | ) |
| Petitioner, | ) |
| v. | ) No.: 2:25-CV-181-CLC-CRW |
| WARDEN BRIAN ELLER, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Before the Court is Roderick Bates' pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and Respondent's motion to dismiss the petition as time-barred (Doc. 17). Petitioner has not responded to the motion, and the deadline to do so has passed. (*See* Doc. 13 at 1.) Consistent with the Court's Local Rules, the Court finds he has waived opposition to the sought relief. *See* E.D. Tenn. L.R. 7.2. For the reasons set forth below, the Court will grant Respondent's motion and dismiss the petition with prejudice.

I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Following a 2014 trial, a Hamilton County jury found Petitioner and his co-defendant, Emmett Jones, guilty of especially aggravated burglary and first-degree murder, for which each received an effective life sentence. *State v. Bates*, No. E2014-01741-CCA-R3-CD, 2015 WL 9019818, at *1–2 (Tenn. Crim. App. Dec. 15, 2015), *perm. app. denied* (Tenn. May 5, 2016). The Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's conviction and sentence. *Id.* at *14. On May 5, 2016, the Tennessee Supreme Court denied Petitioner's application for permission to appeal (Doc. 16-5). Petitioner did not seek certiorari review in the United States Supreme Court.

On May 4, 2017, Petitioner, through counsel, filed a petition for post-conviction relief in the Hamilton County Criminal Court, as later amended. (Doc. 16-6 at 3–6, 14–40.) Following an evidentiary hearing, the post-conviction court denied relief. (*Id.* at 43, 44–65). Petitioner appealed, and the TCCA affirmed the judgment of the post-conviction court. *Bates v. State*, No. E2023-00278-CCA-R3-PC, 2024 WL 915163, at *1 (Tenn. Crim. App. Mar. 4, 2024), *perm. app. denied* (Tenn. Sept. 12, 2024). On September 12, 2024, the Tennessee Supreme Court denied permission to appeal. (Doc. 16-10.)

On May 16, 2025, Petitioner filed his pro se petition under 28 U.S.C. § 2254 in the Middle District of Tennessee.[1] (Doc. 1.) The action was subsequently transferred to this Court. (Doc. 11.) Thereafter, this Court directed Respondent to file a response to the petition (Doc. 13), and Respondent filed his motion to dismiss (Doc. 17), a memorandum in support (Doc. 18) and the state-court record (Doc. 16). Petitioner failed to reply to Respondent's motion within the deadline to do so. (*See* Doc. 13.)

## II.   LEGAL STANDARD

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The issue of whether Respondent's motion should be granted turns on the statute's limitation period, which provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[1] Under Sixth Circuit precedent, the date the petitioner signs the document is deemed to be the date of handing to prison authorities for mailing. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *see also Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (holding that an application is deemed filed when handed to prison authorities for mailing to the federal court). Petitioner signed the affidavit in the petition and had it notarized on May 16, 2025. (Doc. 1 at 18.) Accordingly, the Court assumes for present purposes that the petition was filed on that date.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See id*. at § 2244(d)(2).

In "appropriate cases," § 2244(d) "is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden, Lebanon Corr. Inst*., 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Additionally, a "credible showing of actual innocence" may overcome the AEDPA's limitation period. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To demonstrate his actual innocence, a petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614,

3

623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (internal quotation marks omitted)).

**III. DISCUSSION**

Petitioner's conviction became "final" on August 3, 2016, which is the expiration of the time to seek certiorari review in the United States Supreme Court following the Tennessee Supreme Court's denial of discretionary review on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (holding that where petitioner does not seek certiorari review, judgment becomes final at "expiration of the time for seeking such review"); *see also* Sup. Ct. R. 13.1 (allowing petitioner 90 days from "entry of the judgment or order sought to be reviewed" to file a timely petition for certiorari). Therefore, the federal statute of limitations began running the following day, August 4, 2016, and continued running for 273 days until it was paused when Petitioner's counsel filed his petition for post-conviction relief on May 4, 2017. (*See* Doc. 16-6 at 3.) The limitations period remained tolled until the Tennessee Supreme Court denied discretionary review on September 12, 2024. (Doc. 16-10.) It restarted the following day, September 13, 2024, and ran for 92 days until it expired on December 13, 2024.

Petitioner filed his federal habeas petition, at earliest, when he signed it on May 16, 2025. (Doc. 1 at 18.) Accordingly, the petition was filed over 150 days beyond the expiration of the federal habeas deadline, and the Court can consider its merits only if Petitioner establishes an entitlement to equitable tolling of the limitations period or demonstrates a "credible showing of actual innocence." *See McQuiggin*, 569 U.S. at 392 (holding "a credible showing of actual innocence" may overcome AEDPA's limitations period); *see also Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies).

4

Petitioner makes no argument that he is entitled to equitable tolling, and he has not presented a credible showing of actual innocence. Accordingly, the Court finds that the instant petition is untimely, and Respondent's motion should be granted.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Additionally, Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find it debatable that the instant petition is untimely, the Court will deny a COA.

## V. CONCLUSION

For the reasons set forth herein, the Court will **GRANT** Respondent's motion (Doc. 17) and **DISMISS** Petitioner's federal habeas petition with prejudice. The Court will **DENY** a certificate of appealability.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ _____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**